George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jessica N. Melgar (California Bar No. 311575)
Kraw Law Group, APC
605 Ellis St. Suite 200
Mountain View, CA 94042
Tel: 605-314-7812
Fascimile: 650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jmelgar@kraw.com

Counsel for Plaintiffs:
Bakery and Confectionery Union and Industry International Pension Fund
Board of Trustees, Bakery and Confectionery Union and Industry International Pension Fund

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND<br><br>Plaintiffs,<br><br>vs.<br><br>DICK'S BAKERY, INC.<br><br>Defendant | Case No.:<br><br>COMPLAINT |

COMPLAINT

Introduction

1.     This is an action to collect a sum of withdrawal liability that the defendant owes to the plaintiff.  The action is brought pursuant to the Employee Retirement Income Security Act,

COMPLAINT - 1
Case No.:

1  29 U.S.C. §§ 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of
2  1980 (hereinafter "ERISA").

### Jurisdiction and Venue

3
4      2.    The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1451(c)
5  and 28 U.S.C. § 1337.

6      3.    This Court has venue over this action pursuant to 29 U.S.C. § 1451(d) because
7  this is the district in which the defendant resides or does business.

### Intradistrict Assignment

8
9      4.    Pursuant to Civil L.R. 3-2 (c), assignment to the San Jose Division of U.S.
10  District Court for the Northern District of California is appropriate because the Defendant's
11  principal place of business is located in, and a substantial part of the events giving rise to this
12  action occurred in, the County of Santa Clara.

### Parties

13
14      5.    Plaintiff Bakery and Confectionery Union and Industry International Pension
15  Fund (hereinafter referred to as "Pension Fund") is a trust fund established and maintained
16  pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29
17  U.S.C. § 186(c)(5).  The Pension Fund is an employee benefit plan within the meaning of
18  Sections 3(2) and 3(3) of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose
19  of providing retirement and related benefits to eligible participants.  The Pension Fund is also a
20  multiemployer pension plan within the meaning of Section 1002(37) of ERISA, 29 U.S.C. §
21  1002(37).

22      6.    Plaintiff members of the Board of Trustees of the Bakery and Confectionery
23  Union and Industry International Pension Fund (hereinafter referred to as "Plaintiff Trustees")
24  are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

25      7.    Plaintiffs maintain their principal place of business at 10401 Connecticut Avenue,
26  Kensington, Maryland 20895 .  The Pension Fund is administered at that location, within the
27  District of Maryland.

28

8.      Plaintiffs bring this action on behalf of themselves and on behalf of Plan participants and beneficiaries pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451.

9.      Defendant Dick's Bakery, Inc. (hereinafter referred to as "Defendant") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12).

10.     Defendant is a corporation residing and doing business in the state of California, County of Santa Clara.

<u>STATEMENT OF CLAIM</u>

11.     Until on or about April 30, 2016, Defendant was a participating employer in the Pension Fund and was obligated to make contributions to fund benefits for employees covered by the Pension Fund pursuant to a collective bargaining agreement, the Agreement and Declaration of Trust of the Pension Fund, and Section 515 of ERISA, 29 U.S.C. § 1145.

12.     On or about April 30, 2016, Defendant closed its business, permanently ceased operations covered under the Pension Fund, and completely withdrew from participation in the Pension Fund, within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383.

13.     As a result of that withdrawal, Defendant is obligated to pay withdrawal liability, as required by the Agreement and Declaration of Trust and by Section 4201(a) of ERISA, 29 U.S.C. § 1381(a).

14.     Plaintiffs made a determination of the amount of Defendant's withdrawal liability in compliance with all applicable statutory requirements and the rules of the Pension Fund. Plaintiffs duly notified Defendant of the determination and made a demand for payment by letter dated May 28, 2019 to the Defendant.  That letter sets forth the schedule of payments.

15.     Pursuant to the schedule of payments in the May 28, 2019 letter, Defendant's first withdrawal liability payment, in the amount of $2,363, was due on July 1 2019.  Defendant has not made that payment and no arbitration proceeding has been initiated pursuant to Section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

16.     In accordance with Section 4219 of ERISA, 29 U.S.C. § 1339(c) (5)(A), the Fund Administrator notified Defendant by letter dated August 8, 2019, that Defendant would be in default unless payment were made by October 7, 2019.

17.     Despite its clear, unequivocal obligations under ERISA, and under the Agreement and Declaration of Trust, Defendant has at all times relevant to this suit including the period after October 7, 2019 failed and refused to pay its withdrawal liability.

18.     Because of Defendant's default, the full amount of the withdrawal liability is due and owing to plaintiffs.  That amount totals $754,724.00.  Further, in accordance with the Agreement and Declaration of Trust, the rules and regulations of the Pension Fund and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and Section 4301 of ERISA, 29 U.S.C. § 1451, Defendant is obligated to pay liquidated damages, interest, attorneys' fees and costs of the action.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court to award them a judgment against Defendant in the full amount of the withdrawal liability owed by Defendant, together with interest, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief to which Plaintiffs are entitled.

Dated:  February 26, 2020                    Respectfully submitted,


                                             /s/ Jessica Melgar
                                             Jessica Melgar
                                             *Kraw Law Group, APC*
                                             *Counsel for Plaintiffs*

COMPLAINT - 4<br>Case No.: