UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DICK'S BAKERY, INC.,<br><br>Defendant. | Case No. 5:20-cr-01446-EJD<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION TO SERVE THE SUMMONS AND COMPLAINT UPON THE CALIFORNIA SECRETARY OF STATE**<br><br>Re: Dkt. No. 15 |

Plaintiffs Bakery and Confectionery Union and Industry International Pension Fund and Board of Trustees of the Bakery and Confectionery Union and Industry International Pension Fund ("Plaintiffs") sued Defendant Dick's Bakery, Inc., alleging violations of the Employee Retirement Income Security Act. Compl. at ¶ 1. Pursuant to Rules 4(h)(1)(A) and 4(e)(1) of the Federal Rules of Civil Procedure and §1702(a) of the California Corporations Code, Plaintiffs request that this Court grant them permission to serve Defendant Dick's Bakery through service of the Summons and Complaint upon the California Secretary of State. *See* Motion to Serve California Secretary of State ("Mot."), Dkt. 15. Having considered the motion, declaration, and exhibits, Plaintiffs' motion is **GRANTED**.

**I.     BACKGROUND**

On September 16, 2019, Defendant filed a Statement of Information ("SOI") with the California Secretary of State. Ex. A, Dkt. No. 16. The SOI listed 1655 Robinson Court Oroville, California, 95965 as the street address of the principle executive office and principle business office in California. *Id.* Aaron Sota's PO Box address in Groveland, California was listed as the

mailing address of the corporation. *Id.* Aaron Sota was also listed as the Chief Executive Officer and Secretary of the Dick's Bakery. *Id.* The SOI listed Laurel Bivens as the Chief Financial Officer and also listed 1655 Robinson Court as her address. *Id.* Aaron Sota and his PO Box address was the only contact listed as a Director. *Id.* Frank Boitano, at 1530 Meridian Ave in San Jose, was listed as Dick's Bakery's registered agent for service of process. *Id.*

On March 30, 2020, Plaintiffs instructed their process server to serve Mr. Boitano at the address listed in the SOI. Declaration of Katherine A. McDonough ("McDonough Decl.") ¶ 2, Dkt. 15-1. On April 6, 2020, the process server reported that the serve was unsuccessful. *Id.* at ¶ 3. It appeared that the process server mistakenly visited an address that was different from the one intended. However, Plaintiffs later learned that service at the correct address would have still proven unsuccessful as Mr. Boitano's office had been closed due to Santa Clara County's COVID-19 shelter in place order. *Id.*

On April 17, 2020, Plaintiffs unsuccessfully attempted to serve Mr. Sota at a physical address in San Jose. *Id.* at ¶ 4.

On May 7, 2020, Plaintiffs instructed their process server to personally serve Defendant at 1655 Robinson Court in Oroville, California (the address listed as the principle executive office and principle business office in the SOI). *Id.* at ¶ 5. Plaintiffs also mailed a Notice of Acknowledgement of Service to this address. *Id.* at ¶ 6. On May 9, 2020, the process server reported that the attempt was unsuccessful and that the person residing at this address had never heard of the corporation. *Id.* at ¶ 7.

On May 14, 2020, Plaintiffs sent Notices of Acknowledgement of Service to Mr. Sota's PO Box and to an address for a property that Mr. Sota owns in Groveland, California (which they located using the Tuolumne County Recorder's Office records). *Id.* at ¶ 8. Plaintiffs' counsel Katherine McDonough also spoke to Mr. Sota by phone and requested to serve the Notice of Acknowledgement and Summons to him by mail pursuant to California Code of Civil Procedure ("CCP") 415.30. *Id.* at ¶ 9. Mr. Sota initially agreed and provided the same PO Box address

listed in the SOI. However, he later called back to state that he would not accept service by mail. *Id.* He further stated that personal service at his residence would be difficult because he lived in a remote location. *Id.* He also suggested that Plaintiffs try serving Mr. Bonito, the registered agent. *Id*.

On May 15, 2020, May 18, 2020, and May 19, 2020, Plaintiffs again attempted to personally serve Mr. Sota at the Groveland property address. *Id.* at ¶ 10. Each attempt was unsuccessful. Ex. B, Dkt. 16. On May 19, 2020, Plaintiffs' process server noted that a gate to the property, which was open during her two previous attempts, was now shut and locked. *Id.*

On May 20, 2020, Ms. McDonough spoke to Mr. Boitano's receptionist and learned that Mr. Boitano had been working from home since his office closed. McDonough Decl. at ¶ 12. Plaintiffs then attempted to serve Mr. Boitano at a residential address they located for him, but the attempt was unsuccessful. *Id.*

On May 20, 2020, Ms. McDonough left a voicemail for Mr. Boitano, requesting that he call her back. *Id.* at ¶ 13. Six days later, Mr. Boitano returned Ms. McDonough's call and informed her that he was no longer the registered agent for Defendant and that the SOI had been accordingly updated. *Id.* Defendant's SOI was modified on May 22, 2020 to list Mr. Sota as the registered agent for service of process. Ex. C, Dkt. 16. Laurel Sota[1] was also now listed as Defendant's Secretary, Chief Financial Officer, and a Director. *Id.* The address provided for each of these modifications was 335 Valley View Ave, San Jose, California 95127 ("Valley View"). *Id.* Defendant's principal office locations were also modified to reflect the Valley View address. *Id.* Plaintiffs unsuccessfully attempted personal service at this new address on six separate occasions. Ex. D, Dkt. No. 16.

---

[1] Plaintiffs do not clarify whether Laurel Sota and Laurel Bivens are the same person. However, in the earlier and later SOIs, the person listed as the chief financial officer for Dick's Bakery is Laurel Bivens and Laurel Sota, respectively. Given that these names have a first name in common, that Plaintiffs do not distinguish these two individuals, and that Plaintiffs independently investigated an alternative address for Laurel Bivens but not Laurel Sota, these names are taken to refer to the same person.

On May 27, 2020, Plaintiffs instructed their process server to continue attempting to serve Mr. Sota at the Groveland property. McDonough Decl. at ¶ 15. As of the time of Plaintiff's motion, these attempts have been unsuccessful. *Id.*

On May 22 through the 24, Plaintiffs unsuccessfully attempted to serve Laurel Bivens at an address in Medford, Oregon, which was located using a commercial locator service. *Id.* at ¶ 16.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(1)(A) authorizes domestic corporations to be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." The manners of service prescribed by Rule 4(e)(1) include all methods of service permitted by state law.[2]

California state law permits a court to, under certain circumstances, order that a party be served via process on the California Secretary of State. Cal. Corp. Code § 1702(a). A court may order such service when:

> the agent designated cannot with *reasonable diligence* be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

*Id.* (emphasis added)

"To demonstrate 'reasonable diligence,' the plaintiff must show that it 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'"

---

[2] Service may be made by "following *state law* for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. Proc. 4(e)(1) (emphasis added).

Case No.: 5:20-cr-01446-EJD
ORDER GRANTING PLAINTIFFS' APPLICATION TO SERVE THE SUMMONS AND COMPLAINT UPON THE CALIFORNIA SECRETARY OF STATE
4

*Dakavia Mgmt. Corp. v. Bigelow*, 2020 WL 2112261, at *2 (E.D. Cal. May 4, 2020) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (Ct. App. 1978). "However, the showing of diligence in a given case must rest on its own facts and '[n]o single formula nor mode of search can be said to constitute due diligence in every case.'" *Kott v. Superior Court*, 53 Cal. Rptr. 2d 215, 221 (Ct. App. 1996) (quoting *Donel, Inc.*, 87 Cal. App. 3d at 333).

### III. DISCUSSION

Plaintiffs argue that they have exercised reasonable diligence in their prior unsuccessful attempts to serve Defendant and so they should be permitted to effectuate service of process on Defendant by serving the California Secretary of State. The Court agrees.

Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure authorizes corporations to be served in the manner prescribed by Rule 4(e)(1), which includes all methods of service permitted by state law. California Corporations Code § 1702(a) allows service to be made upon the Secretary of State when it is shown by affidavit that process cannot be served with reasonable diligence in the manner provided in CCP §§ 415.10, 415.20(a), 415.30(a), 416.10(a), 416.10(b), 416.10(c), 416.20(a). For the purposes of this motion, §§ 416.10(c) and 416.20(a) will not be assessed. The former is only applicable to banks and the latter only applies when a plaintiff alleges that a defendant has forfeited its charter or dissolved. Neither situation is present here.

Cal. Corp. Code § 1702(a) requires that a plaintiff submit an affidavit confirming the exercise of reasonable diligence and failure thereof to serve the corporation. Plaintiffs satisfied this requirement by submitting declarations written by their counsel, Ms. McDonough, and service processors. All of the facts discussed below were derived from and confirmed by these declarations.

Plaintiffs made reasonable efforts to effectuate personal service pursuant to CCP § 415.10. In undertaking to personally deliver a copy of the summons and complaint, Plaintiffs used commercial locator services, researched the Tuolumne County Recorder's Office records, made phone calls, consulted a receptionist, and visited both new, old, and out-of-state physical

Case No.: 5:20-cr-01446-EJD
ORDER GRANTING PLAINTIFFS' APPLICATION TO SERVE THE SUMMONS AND COMPLAINT UPON THE CALIFORNIA SECRETARY OF STATE
5

addresses. *See generally* McDonough Decl. Personal service could not be made at *any* of the SOI addresses. Indeed, it appears that the original Oroville, California address was fraudulent. McDonough Decl. at ¶¶ 7, 14. Despite this diligence, which was plainly aimed at effectuating service on Defendant, Plaintiffs' attempts at service were unsuccessful.

Though Cal. Corp. Code § 1702(a) requires that Plaintiffs attempt substitute service pursuant to CCP § 415.20(a), the facts indicate that achieving service through this means was not feasible. As mentioned, Plaintiffs visited numerous physical addresses, at which no activity could be discerned. There was only one physical address where someone appeared to be present, but that person had never heard of Defendant. *Id.* at ¶ 7. These facts show that substitute service was not practical and thus need not be satisfied here.

With respect to § 415.30(a) (mail service), the history of unsuccessful attempts and Mr. Sota's refusal to accept service by mail indicate that mail service was also not feasible. *Id.* at ¶¶ 6, 8-9. Prior to Mr. Sota's refusal, Plaintiffs unsuccessfully attempted (on multiple occasions and at different locations) to service Defendant by mail. *Id.* at ¶¶ 6, 8. Though Plaintiffs did not attempt to serve Mr. Sota by mail, his rejection of mail service shows that further attempts at mail service would have been unsuccessful. *Id.* at ¶ 9.

To summarize, Mr. Sota's refusal of mail service, the subsequent replacement of Mr. Boitano as the registered agent with Mr. Sota, and the inactive Valley View address (which is now listed as Defendant's principal office and as the address for Defendant's registered agent, Secretary, Chief Financial Officer, and for a director) show that Defendant, and its agents, intended to and successfully have evaded service of process. *Id.* at ¶¶ 9, 13-14; *see also* Ex. C, Dkt. 16. Although Plaintiffs did not attempt mail service at the Valley View address and did not attempt mail service or personal service at Mr. Sota's "remote" location, on balance the Court finds that Plaintiffs' efforts are sufficient. *Cf. Floyd v. Saratoga Diagnostics, Inc.*, 2020 U.S. Dist. LEXIS 100279, at *8 (N.D. Cal. June 5, 2020) (denying service upon the Secretary of State because the plaintiff made *no* attempt to effectuate service by mail). These facts taken together

Case No.: 5:20-cr-01446-EJD
ORDER GRANTING PLAINTIFFS' APPLICATION TO SERVE THE SUMMONS AND COMPLAINT UPON THE CALIFORNIA SECRETARY OF STATE
6

indicate that Plaintiff could not effect service by mail.

Turning to § 416.10(a-b) (service on a registered agent or the an executive of the company), service on Defendant pursuant to this statute was not feasible. Plaintiffs attempted to serve both the old and current agents and officers of the Dick's Bakery. *See generally* McDonough Decl. Efforts went beyond merely seeking these individuals at the addresses provided by the SOI. Plaintiffs conducted independent investigations to locate the correct addresses of the individuals listed in the SOI. *Id.* at ¶¶ 4, 8–10, 12–13, 15-16. Such investigations led Plaintiffs to attempt service at a variety of addresses, including at in-state residences, an out-of-state residence, a PO Box, and an office. *Id.* at ¶¶ 3-4, 8, 10–12, 14–16. Thus, though Plaintiffs invested "reasonable diligence," Plaintiffs' efforts were not enough to achieve service of process pursuant to § 416.10(a–b).

Accordingly, Plaintiffs exercised reasonable diligence in attempting to serve Defendant. Because those attempts were unsuccessful, Plaintiffs may effectuate personal service upon the California Secretary of State pursuant to Cal. Corp. Code § 1702(a).

### IV.     CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiffs' Application to Serve the Summons and Complaint Upon the California Secretary of State.

**IT IS SO ORDERED.**

Dated: July 27, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cr-01446-EJD
ORDER GRANTING PLAINTIFFS' APPLICATION TO SERVE THE SUMMONS AND COMPLAINT UPON THE CALIFORNIA SECRETARY OF STATE
7